IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>$6,000.00 IN U.S. CURRENCY,<br><br>**Defendant.** | CIVIL NO. 19- |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Hector E. Ramirez-Carbo, Assistant United States Attorney, Chief, Civil Division, and Maritza Gonzalez-Rivera, Assistant United States Attorney bring this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

NATURE OF THE ACTION

This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981; 21 U.S.C. § 881(a)(6); 18 U.S.C. § 1956; 21 U.S.C. §§ 841, 843(b) and 846.

DEFENDANT IN REM

The defendant property seized by United States Postal Inspection Service ("USPIS") agents consists of $6,000.00 in U.S. Currency.

1

JURISDICTION AND VENUE

This Court has subject matter jurisdiction over an action commenced by the United States 28 U.S.C. § 1345; over an action for forfeiture pursuant to 28 U.S.C. § 1355; and over this particular action pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 881(a)(6).

This Court has in rem jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and § 1355(b)(1)(B) (the defendant property is found in this district).

Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts and omissions giving rise to the forfeiture occurred in this district) and § 1395 (the defendant property is found in this district).

BASIS FOR FORFEITURE

This is a civil action _in rem_ brought to enforce the provisions of 18 U.S.C. § 981 – Civil Forfeiture; 21 U.S.C. § 881(a)(6) – Forfeitures; 18 U.S.C. § 1956 – Laundering of Monetary Instruments; and 21 U.S.C. § 841 – Prohibited acts A, § 843(b) – Communication Facility and § 846 – Attempt and conspiracy.

FACTS

The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the 28 U.S.C. § 1746 unsworn declaration of the USPIS, Postal Inspector, Brian C. Thompson attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency

condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 29th day of January 2019.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

*s/Héctor E. Ramirez-Carbó*
**Hector E. Ramirez-Carbo**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. # 214902
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Hector.e.ramirez@usdoj.gov

*s/Maritza González-Rivera*
**Maritza González-Rivera**
Assistant U.S. Attorney
U.S.D.C. #208801
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787 766-5656
Fax. (787) 771 4050
Maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza Gonzalez-Rivera, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the (USPIS); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 29th day of January 2019.

*s/Maritza González-Rivera*
**Maritza González-Rivera**
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Brian C. Thompson, SA, declare as provided by 28 U.S.C. § 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture <u>in Rem</u> and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 29th day of January 2019.

Brian C. Thompson
U.S. Postal Inspector
USPIS

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
$6,000.00 IN U.S. CURRENCY.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Maritza Gonzalez-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 18 United States Code, Section 981; Title 21 United States Code, Section 881(a)(6); Title 18 United States Code, Section 1956; Title 21 United States Code, Sections 841, 843(b) and 846.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 1/29/2019

SIGNATURE OF ATTORNEY OF RECORD: s/Maritza Gonzalez-Rivera

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)
   U.S. v. $6,000.00 IN U.S. CURRENCY,

2. Category in which case belongs: (See Local Rules)

   [X] ORDINARY CIVIL CASE   CIVIL FORFEITURE
   [ ] SOCIAL SECURITY
   [ ] BANK CASE
   [ ] INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?
   ☐ YES   [X] NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?
   ☐ YES   [X] NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?
   ☐ YES   ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.: USDC # 208801

ATTORNEY'S NAME: Maritza González-Rivera

MAILING ADDRESS: TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE
HATO REY   PR           ZIP CODE 00918

TELEPHONE NO.: 787-766-5656

UNSWORN DECLARATION UNDER PENALTY OF PERJURY
Title 28 United States Code 1746

I, Brian C. Thompson, U.S. Postal Inspector with the United States Postal Inspection Service (USPIS), hereby declare as follows:

PROFESSIONAL BACKGROUND

I am a Postal Inspector with the United States Postal Inspection Service (USPIS), currently assigned to the Newark Division, San Juan Field Office, located in Guaynabo, Puerto Rico, and have so been employed since March 2006. I have received formal classroom training from the United States Postal Inspection Service during the 12-week Postal Inspector Basic Training Academy at the Career Development Unit in Potomac, Maryland. I also have had additional training and experience with other U.S. Postal Inspectors and federal and local law enforcement agents in connection with the investigation of the use of the U.S. Mail or in connection with the U.S. Postal Service ("USPS"), property of the USPS, and other postal offenses, as set forth in 18 U.S.C. § 3061. As such, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations and to make arrests for crimes furthered through the use of the U.S. Mail or in connection with the U.S. Postal Service.

I am currently assigned to the San Juan Prohibited Mail Team and am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted numerous firearms and narcotics investigations involving the transportation of firearms and controlled substances; as well as those involving proceeds derived from the distribution of firearms and controlled substances via the mail, in violation of 18 U.S.C. §§ 922 (a)(1)(a) & (a)(3), and 1715, and 21 U.S.C. §§ 841 (a)(1), 843(b), and 846. As a Postal Inspector,

I have also worked on several investigations involving the use of the U.S. Mail and the Postal Service to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 U.S.C. §§ 981, 982, 1956, and 1957, and 31 U.S.C. § 5325. Additionally, I have also participated in several interdiction operations targeting parcels containing illegal firearms, narcotics, and proceeds thereof, both in San Juan and elsewhere in the continental United States. While conducting investigations relative to the mailing of firearms, narcotics, and currency, I have had the opportunity to become familiar with known trafficking sources and destination areas, various smuggling methods and techniques used by traffickers, as well as the manner in which traffickers package illicit firearms, narcotics, and related proceeds.

This Unsworn Declaration is submitted in support of a verified complaint of forfeiture, which involves the offenses detailed in Section 881(a)(6) of Title 21, United States Code, particularly all moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemicals, in violation of the subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21.

Because this declaration is submitted for a limited purpose, the undersigned has not included details of every aspect of this investigation. The facts and information contained in this unsworn declaration are based on my personal knowledge as well as observations of other Postal Inspectors involved in this investigation. All observations that were not personally made by me were relayed to me by other law enforcement officers as a result of my personal participation in the investigation of Adolfo Andujar Dominguez, Shirley Silva Jimenez, and Alexis Montes Andujar, and others; through information obtained from other law enforcement agencies, witnesses and reliable sources, I am

familiar with the facts and circumstances of the offenses described in the "Facts" section of this unsworn declaration.

Unless otherwise noted, whenever in this unsworn declaration I assert that a statement was made, the information was provided by another law enforcement officer, to whom I have spoken or whose report I have read and reviewed.

Likewise, information resulting from the parcel interdiction and investigation, except where otherwise indicated, does not set forth my observations, but rather has been provided, directly or indirectly, through other law enforcement officers that conducted the interdiction.

## PROPERTY TO BE FORFEITED

This unsworn declaration is offered in support for the forfeiture of the following asset seized during the aforementioned enforcement actions:

- **$6,000.00 IN U.S. CURRENCY.**

## INVESTIGATIVE BASIS

Based on my training and experience I have learned that:

The U.S. Mail is often used by narcotic traffickers to transport controlled substances, as well as U.S. currency derived from, or involved in, the distribution of controlled substances, either as payment or proceeds;

The drug traffickers know that both Priority Mail Express, and Priority Mail, are considered First Class Mail and are therefore protected against inspection without a Federal Search Warrant;

That drug traffickers discern that by using Priority Mail Express and Priority Mail with Delivery Confirmation, they can track the parcels, control dispatch times and locations, and most importantly, have a guarantee of delivery in one or two business days. Moreover, traffickers also know that any

delay in a Priority Mail Express parcel delivery could represent that such parcel has been intercepted by law enforcement;

That law enforcement agencies have established, based upon years of experience in narcotics investigations, that the state of Florida frequently receives controlled substances sent via the U.S. Mail from Puerto Rico. Furthermore, Puerto Rico is a known destination for the returning proceeds or payments of such narcotics from Florida;

That, in addition to the aforementioned, it is customary for narcotics traffickers to hand write the labels attached to the mail piece instead of using a pre-printed label. Pre-printed labels are customary with most legitimate businesses utilizing the Priority Mail Express service;

That individuals who regularly handle controlled substances often leave the scent of controlled substances on the box, packaging materials, and U.S. currency they handle, and that packaging materials are often stored in close proximity to the controlled substances, transferring the odor to the packaging materials;

That narcotic canines, also known as K-9, are trained to alert to the smell of various chemicals present in illegal narcotic drugs, such as methyl benzoate, a chemical present in cocaine;

That USPIS Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds, unlike legitimate businesses or gifts whose note, letter, receipt, or coupon is included with the cash or monetary instruments;

Postal Inspectors have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

FACTS

On August 21, 2018, at the USPS General Post Office located in San Juan, Puerto Rico, Priority Mail Express parcel EM094371665US addressed to "*RAFAEL lopEz, BaRRiAdA Buena VisTA # 265 Calle D San Juan P.R 00917*", with a return address of "*JOSE lopEZ 1133 LAFAYETTE AVE APT 712 brooklyn NY 11221*", was identified by Postal Inspectors as meeting the initial suspicious characteristics of a narcotics mailing.

The subject parcel was a rectangular shaped white USPS Priority Mail Express envelope, had a hand written label, weighed approximately one (1) pounds, and two (2) ounces, and measured approximately 15" x 11" x 1". The parcel had affixed to it U.S. Postage Meter strip number R2304H108059-04, with a postage amount of $41.70. The parcel was mailed from Brooklyn, NY 11221, and was dated August 20, 2018.

On August 21, 2018, at the USPS General Post Office facility, located in San Juan, Puerto Rico, the parcel was placed for exterior examination by a narcotics detection canine from the Guaynabo Municipal Police Department. According to the officer who handled the canine, "Lotte" exhibited a change of behavior consistent with the presence of various odors of controlled substances.

On August 22, 2018, Federal Search Warrant 18-1325 (SCC), dated August 22, 2018, was executed on Priority Mail Express parcel EM094371665US. The parcel was opened and found inside was one (1) "GEFORCE GT 710" 1024MB DDR3 NVIDIA box wrapped in clear plastic. The box contained several CD's and one (1) bundle wrapped in green plastic wrap. Underneath the green plastic wrap was U.S. Currency in $20 denominations totaling $6,000.00. There were no notes or instructions in the parcel.

5

According to the U.S. Postal Service serving the mailer's address, the address of 1133 Lafayette Ave Apt 712, Brooklyn NY 11221 is recognized by the U.S. Postal Service; Jose Lopez was not a known mail recipient at this address. However, according to the mail carrier, Jose Lopez is a known mail recipient at 1131 Lafayette Ave. Apt 3, Brooklyn, NY 11221.

According to the U.S. Postal Service Hato Rey Station, the address of Bda. Buena Vista, 265 Calle D, San Juan PR 00917, is recognized by the U.S. Postal Service as a deliverable address. Rafael Lopez is a mail recipient at this address.

On September 19, 2018, a Probable Cause Verification was approved for the seizure of $6,000.00 in U.S. currency, found in parcel EM094371665US. On October 4, 2018, notification was sent to all interest parties. October 8, 2018, Internet advertisement was posted in forfeiture.gov, for 30 consecutive days.

On November 7, 2018, a valid Claim for the property of $6,000.00 was received from Ralph Lopez, Barriada Buena Vista, Calle D, #265, San Juan, PR 00917, telephone 787-299-2923.

The Claim did not provide a statement and reasons or explanation for the claim of the property; it only contained photographs of an obliterated interiors of a residence.

On November 13, 2018, a letter was sent to Ralph Lopez, Barriada Buena Vista, 265 Calle D, San Juan, PR 00917. According to the U.S. Postal Service receipt, the letter was received by Ralph Lopez on November 21, 2018.

The letter sent to Mr. Lopez was written in Spanish requesting the following information:

1. Reason for your claim. Be specific in term of the reasons why we should consider this your property.

2. Name, address, and telephone number from the person who sent you the package

containing the cash.

3. Because the person who sent you the cash could be considered a legitimate owner of this property; we need a statement from this person. The statement should contain the following:

   a. Name, address, and telephone number.

   b. Social Security number; or, at least the last four digits with a copy of his or her identification (such as driver's license, passport, etc.)

   c. Description of the content of the package.

   d. Purpose of the content of the package.

   e. Relationship to you, the recipient of the package.

   f. Description of the packaging and items it contained.

   g. Reason for sending cash in lieu of a check or money orders.

   h. Evidence of the legitimacy of the currency, such as a copy of a check, employment evidence, or coy of the bank statement which indicates the withdrawal of the currency.

4. You sent pictures of a residence condition. Please explain the following:

   a. Purpose of including these photographs.

   b. Are you the owner of this residence?

   c. Provide the address of the residence.

Infructuous attempts have been made to contact Lopez on the telephone number provided in the claim form, 787-399-2923.

The statutory provisions pursuant to which the assets are subject to seizure and forfeiture are as follow:

a. 18 U.S.C. § 981(a)(1)(C) – Civil Forfeiture - The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

b. 21 U.S.C. § 881(a)(6) – All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

c. 18 U.S.C. § 1956(a)(2) – Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States— **(A)** with the intent to promote the carrying on of specified unlawful activity; or **(B)** knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part— **(i)** to conceal or disguise the nature, the location, the source, the ownership, or

the control of the proceeds of specified unlawful activity; or **(ii)** to avoid a transaction reporting requirement under State or Federal law, shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, or imprisonment for not more than twenty years, or both. For the purpose of the offense described in subparagraph (B), the defendant's knowledge may be established by proof that a law enforcement officer represented the matter specified in subparagraph (B) as true, and the defendant's subsequent statements or actions indicate that the defendant believed such representations to be true.

d. 21 U.S.C. § 841(a)(1) – Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally— (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

e. 21 U.S.C. § 843(b) - It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

f. 21 U.S.C. § 846 – Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Based on the facts (1) of the suspicious manner in which the defendant money was transferred, not wired, not sent by check, but rather sent uninsured, overnight by Priority Mail Express shipment which was paid for in cash; (2) of the amount of cash involved, $6,000.00; (3) no evidence of the legitimate interest for the property have been received; (4) and the dog sniff - a trained narcotics canine, who alerted positive to the package; the undersigned believes that the $6,000.00 in U.S. Currency seized from Ralph Lopez constitutes proceeds derived from the illegal sale of narcotics in violation of in violation of the aforementioned statutory provisions.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

In San Juan, Puerto Rico, this 29th day of January 2019.

Brian O. Thompson
US Postal Inspector
United States Postal Inspection Service
San Juan, Puerto Rico